IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MICHAEL MCCULLOUGH                              : | |
| :| |
| Plaintiff,                              : | |
| :| |
| v.                              : | CASE NO.: 1:13-CV-118 (WLS) |
| :| |
| THE BOARD OF REGENTS OF THE      : | |
| UNIVERSITY SYSTEM OF THE STATE : | |
| OF GEORGIA                              : | |
| :| |
| Defendant.                              : | |

## ORDER

Presently before the Court is Defendant Board of Regents of the University System of the State of Georgia's Motion to Dismiss. (Doc. 9.)  For the following reasons, Defendant's Motion to Dismiss is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael McCullough is a former Bainbridge College ("Bainbridge") student. Plaintiff first enrolled at Bainbridge, part of the University System of Georgia, in the fall of 2009. (Doc. 1, at ¶9.)  Plaintiff claims Defendant retaliated against him, violating Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000(d), *et seq.*  (Doc. 1.)

On April 1, 2010, Plaintiff contends he was accosted by another Bainbridge student, a white female named Heather Morton ("Morton"). (Doc. 1, at ¶10.)  After his encounter with Morton, Bainbridge administrators directed Plaintiff to participate in a hearing for unspecified reasons. (Doc. 1, at ¶15). During the hearing, responding to rumors he broke up Morton's marriage, Plaintiff noted he had no involvement in Morton's marital problems and reminded Bainbridge administration Morton was aggressor when he was accosted. (Doc. 1, at ¶ 17). Morton was not required to have a hearing. (Doc. 1, at ¶22). After his hearing, Bainbridge required that Plaintiff be escorted to his final two exams. (Doc. 1, at

¶18). Plaintiff, in light of his encounter with Morton, was prevented from taking one of his exams causing him to fail. (Doc. 1, at ¶19).

Believing he was treated poorly as a result of being African-American, Plaintiff was accompanied to Bainbridge by National Association for the Advancement of Colored People ("NAACP") representative, Lucinda Brown, to review his educational and disciplinary records. (Doc. 1, at ¶ 20). Bainbridge employees told Plaintiff the records were unavailable. *Id.* Connie Snyder ("Snyder"), a Bainbridge employee and the boss of Morton's husband, met with Plaintiff and Brown. (Doc. 1, at ¶¶21). During their meeting with Snyder, Plaintiff asked why he, an African-American student, was required to participate in a hearing while Morton, a white student, was not. (Doc. 1, at ¶¶ 22).

During the summer of 2011, Plaintiff left Bainbridge and attempted to enroll at Valdosta State University ("VSU"). (Doc. 1, at ¶¶24). On or about August 1, 2011, Plaintiff learned falsified grades and disciplinary records implying numerous violations were sent by Bainbridge employees, causing him to be denied enrollment at VSU. *Id.* On July 11, 2013, Plaintiff filed a complaint with this Court claiming Defendant, in its capacity as principle for Bainbridge, unlawfully retaliated against him because he reported discriminatory practices to Bainbridge. (Doc.1, at ¶25). On November 25, 2013, Defendant moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. (Doc. 9).

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a Plaintiff's complaint under Rule 12(b)(6) should not be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible

entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (*quoting Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (*quoting Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

**II.    Analysis**

Defendant contends Plaintiff's failed to bring a valid Title VI claim. (Doc. 9; Doc. 9-1). Title VI prohibits discrimination on the grounds of race, color, or national original from programs or activities receiving Federal financial assistance. 42. U.S.C. § 2000(d). Title VI's protections include prohibiting retaliatory actions responding to complaints of racial discrimination. *See Jackson v. Birmingham Bd. Of Educ.,* 544 U.S. 167, 183-84, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005) (finding retaliation to be discriminatory on the basis of sex and prohibited under Title IX); *Bowers v. Bd. of Regents of Univ. Sys. of Ga.,* 509 F. App'x 906, 912 n.8 (construing Title VI and IX *in pari materia* and recognizing Title VI retaliation claims) (*citing Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1170 n.12 (11th Cir. 2003); *See also Chaney v. Taylor County School District, et al.,* No. 4:11-cv-142-CDL, 2014 WL 28815 (Jan. 2, 2014, M.D. Ga.) (acknowledging Title VI retaliation claims). Federal courts within the 11th Circuit assess retaliation claims within a framework established under Title VII of the Civil Rights Act of 1964. *Id.* To prevail in a retaliation action, a plaintiff must show (1) engagement in a statutorily protected activity, (2) suffering from a materially adverse action during or after

protected activity, and (3) a causal connection between the protected activity and materially adverse action. *Goldsmith v. City of Altmore,* 996 F.2d 1155, 1163 (11th Cir. 1993).

Plaintiff's complaint does not state a claim for Title VI retaliation upon which relief can be granted. Reviewing the complaint alone, it is plausible that Plaintiff could show both Bainbridge engaging in statutorily impermissible actions and prove materially adverse harm thereafter. Nevertheless, Plaintiff fails to adequately state a claim for causation, the third required element of a *prima facie* case under Title VI retaliation, making it impossible for him to prevail. Demonstrating a causal connection sufficient for a retaliation claim requires proof "decision-makers were aware of the protected conduct or activity and acted adversely as a result." *Shannon v. BellSouth Telecomm., Inc.,* 292 F.3d 712, 716 (11th Cir. 2007). Where there is an absence of actual evidence proving a causal connection, a plaintiff may rely on the temporal proximity of protected activity and adverse action. *Thomas v. Cooper Light, Inc..,* 506 F.3d 1361, 1364 (11th Cir. 2007). However, mere temporal proximity, without more, must be 'very close'." *Id.* Where there's a substantial delay between the protected activity and adverse action, a retaliation complaint fails as a matter of law. *Id.*

Plaintiff's complaint acknowledges "no apparent justification" for the alleged transfer of falsified records and presumes that Plaintiff must have been singled out because of his race and the alleged unlawful practices he reported. (Doc. 1, at ¶25). Such conclusory professions alone are insufficient to state a claim upon which relief can be granted. Plaintiff's complaint also cannot show temporal causation. In *Bowers*, the 11th Circuit determined a three month temporal gap between the statutorily offended action and actual retaliation was far too attenuated to show causation. 509 Fed. App'x. at 911; *See also Thomas,* 506 F.3d at 1364 (Title VII retaliation case finding 3-months insufficient for temporal proximity). Plaintiff argues his reporting racial discrimination to Snyder, a Bainbridge employee, on July 5, 2010, caused adverse retaliation about a year later during the summer of 2011 when unidentified employees at Bainbridge College allegedly transferred inaccurate records. Even after construing the alleged facts in a light most favorable to Plaintiff, given the scant factual allegations and extended temporal proximity between the statutory offense being reported

and subsequent adverse action, the Court cannot discern a *prima facie* claim for retaliation under Title VI.

For that reason, Defendant's Motion to Dismiss Plaintiff's complaint is **GRANTED**. (Doc. 9). Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.** (Doc. 1).

**SO ORDERED**, this  30th  day of September, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**